IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MIGUEL RAMOS QUINONES,

     Petitioner,

v.                                                                          No. 2:26-cv-0917-KG-GJF

PAMELA BONDI, Attorney General of the United States;
SECRETARY, U.S. Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement;
TODD LYONS, Acting Director of Immigration and Customs
Enforcement; and
WARDEN, Otero County Processing Center,

     Respondents.[1]


ORDER TO ANSWER AND ENJOINING TRANSFER OUT OF DISTRICT

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (Doc. 1) (Petition).   Petitioner is detained at the Otero County Processing Center

in Chaparral, New Mexico and has paid the filing fee.   Construed liberally, Petitioner contends

he did not receive a constitutionally adequate bond hearing before an Immigration Judge.

(Doc. 1) at 1-2.   He seeks immediate release or a new custody hearing consistent with due

process.   *Id.* at 2.   Petitioner also filed a Motion to Stay Transfer Pending Resolution of

Petition.   (Doc. 2).

---

[1] The Court adds/substitutes the above-mentioned parties as Respondents in this case.   *See
Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the
Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases");
*Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper
party respondent in a habeas case).

Having conducted an initial review of the Petition, the Court finds the Petition is not subject to summary dismissal.   Petitioner alleges he has not been provided a constitutionally adequate bond hearing under 8 U.S.C. § 1226, and it does not appear that he is being detained pursuant to a final order of removal.   *See Garcia Sanchez v. Noem, et al.*, 25-cv-1219 KG/JFR (concluding petitioner was detained pursuant to 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing); *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.) (Gonzales, J.) (same); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.) (same).   The Clerk's Office has electronically served Respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   (Doc. 3).   The United States Attorney's Office (USAO) shall answer the Petition (Doc. 1) within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted.   *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).   Petitioner may file an optional reply within seven (7) business days after the answer brief is filed.   If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

The Court grants the Motion to Stay Transfer Pending Resolution of Petition (Doc. 2) and enjoins the Government from transferring Petitioner from the District of New Mexico while this case remains pending.

IT IS THEREFORE ORDERED that:

1. The USAO must answer the Petition (Doc. 1) within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2.  If Petitioner wishes to file an optional reply, he must do so within seven (7) business days after the response is filed;

3.  The Motion to Stay Transfer Pending Resolution of Petition (Doc. 2) is granted and the Government is enjoined from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court; and

4.  The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

3