IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL RAMOS QUINONES,

    Petitioner,

v.                                  No. 2:26-cv-00917-KG-GJF

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Miguel Ramos Quinones's Petition for Writ of Habeas Corpus. Doc. 1, and the Government's Motion to Dismiss for Lack of Jurisdiction, Doc. 9. Petitioner, proceeding pro se, challenges the facts supporting his continued detainment pending removal proceedings.  Doc. 1 at 2.  For the reasons below, the Court dismisses the petition without prejudice.

## I.     *Background*

Petitioner is a native and citizen of Cuba.  Doc. 1 at 1.  He arrived to the United States on March 8, 2024, and received a Notice to Appear, charging him as an "arriving alien" without a valid entry document.  *Id.* at 6.

Following his parole into the United States, Petitioner lived in Eddy County, New Mexico, with his wife and his infant daughter, who is a United States citizen.  *Id.* at 1.  In December 2025, Petitioner was arrested after "an alcohol-related argument or disturbance involving a friend" and charged with public affray.  *Id.* at 2.  On February 18, 2026, the Eddy County Magistrate Court dismissed the criminal complaint without prejudice for failure to prosecute.  *Id.* at 14.  Petitioner was subsequently detained under 8 U.S.C. § 1226 and transferred to the custody of the Department of Homeland Security.  Doc. 9 at 1.  On March 16, 2026, an immigration judge denied Petitioner's

request for a change is custody status, concluding that he "has not met his burden of showing that he is not a danger to the community." Doc. 1 at 11. Petitioner remains detained at the Otero County Processing Center in Chaparral, New Mexico pending removal proceedings. *Id.* at 1.

Petitioner challenges the immigration judge's bond determination. *Id.* at 2. The Government asserts that this Court lacks jurisdiction to review the immigration judge's decision denying bond to Petitioner. Doc. 9 at 2–3.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

In analyzing a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the" petitioner. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A habeas petition withstands dismissal only if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (noting that a 28 U.S.C. § 2241 petition may "be dismissed...under Rule 12(b)(6)").

## III.    *Analysis*

Petitioner is detained under § 1226. Doc. 9 at 1. Section 1226(a) "authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Noncitizens detained under § 1226(a) are entitled to bond hearings "at the outset of detention." *Id.* at 306. Here, an

immigration judge denied Petitioner bond, finding that Petitioner did not meet his burden of demonstrating that he was not a danger to the community.  Doc. 1 at 11.

The Court lacks the authority to consider Petitioner's challenge to the immigration judge's bond determination.  Doc. 1 at 2.  In habeas proceedings, district courts lack jurisdiction to review an immigration judge's decision to deny bond.  § 1226(e); *see also Demore v. Kim*, 538 U.S. 510, 516 (2003) (noting that § 1226(e) precludes review of the Attorney General's "discretionary judgment" or "decision" regarding detention or release but permits constitutional challenges to detention).  A petitioner seeking review of a bond decision must either appeal the denial to the Board of Immigration Appeals or file a request for a bond redetermination.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also* 8 CFR § 236.1(d)(1), (3).  Because Petitioner has received adequate process, his continued detention pending removal proceedings remains lawful.

## IV.    *Conclusion*

Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is denied.  The Court grants the Government's motion and dismisses the petition without prejudice.  Petitioner may file a subsequent petition should the facts of his detention change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.