**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MIGUEL RAMOS QUINONES,

Petitioner,

v. No. 2:26-cv-00917-KG-GJF

MARY DE ANDA-YBARRA, et al.,

Respondents.

**ORDER DISMISSING IN PART THE AMENDED PETITION AND REQUIRING RESPONDENTS TO RESPOND TO REMAINING CLAIM**

This matter is before the Court on Petitioner Miguel Ramos Quinones's Amended Petition for Writ of Habeas Corpus. Doc. 11, Motion to Stay Transfer, Doc. 12, Motion to Recognize Next Friend, Doc. 13, Motion to Supplement the Record, Doc. 14, and Petitioner's Urgent Motion for Ruling on Pending Motion and for Expedited Consideration of Continued Detention, Doc. 15. Petitioner, proceeding pro se, argues that he is entitled to an additional bond hearing due to a change in circumstances, and that his approximately 9-month detention has become "prolonged and unreasonable." Doc. 11 at 2. Naivelis Vargas Cardoso, Petitioner's wife, also moves the Court for an order recognizing her as next friend and directing the Clerk of the Court to include her on "as a service recipient for notices and filings in this case." Doc. 11 at 1, Doc. 13.

"Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief." *Funez-Grijalva v. Mary de Anda-Ybarra*, No. 26-cv-444-WJ-LF, 2026 WL 560217, at *1 (D.N.M. Feb. 27, 2026) (referencing Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), Pub.L. 94–426, § 1, 90 Stat. 1334 (1976)); *see also Alejo-Navarro v. Warden*, No. 26-cv-58-JB-KRS, 2026 WL

207253, at *2 (D.N.M. Jan. 27, 2026) (applying Habeas Rules to habeas petition filed under 28 U.S.C. § 2241). The Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief[.]" *Id.* "If the petition is not dismissed, the [court] must order an answer." *Id.* (citation modified). Having reviewed the Amended Petition, the Court concludes that Petitioner's claim of unreasonably prolonged detention is a cognizable claim for habeas relief, but his claim that he is entitled to an additional bond hearing fails as a matter of law and must be dismissed.

Here, Petitioner contends that "due process requires a prompt and meaningful custody hearing" that considers his change in circumstances, including that he has "developed a fuller release plan, including a lawful permanent resident sponsor, stable housing, family support, proof of a pending BIA appeal, and evidence of no criminal conviction in the local matter." Doc. 11 at 2. This new information does not transform the Court's jurisdiction. The Court does not have authority to consider Petitioner's challenge to the Immigration Judge's bond determination. *See* Doc. 10 at 3 (denying Petitioner's first habeas petition for lack of jurisdiction over immigration judge's bond decision); *see also Demore v. Kim*, 538 U.S. 510, 516 (2003) (noting that § 1226(e) precludes review of the Attorney General's "discretionary judgment" or "decision" regarding detention or release but permits constitutional challenges to detention). The Court reminds Petitioner that the appropriate remedy is to file a request for a custody redetermination with the immigration court. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also* 8 C.F.R. § 236.1(d)(1), 8 C.F.R. § 1003.19(e). Accordingly, Petitioner's

challenge to his custody determination fails as a matter of law and the Court dismisses Petitioner's first claim for relief.[1]

Petitioner's remaining argument regarding the length of his detention states a claim for relief. *See Boumediene v. Bush*, 553 U.S. 723, 783 (noting purpose of habeas corpus review is to examine "the intended duration of the detention and the reasons for it"). The Court, therefore, orders Respondents to file an answer within 10 business days. Petitioner may file an optional reply within 7 days after the answer is filed. Because the Court concludes that Petitioner's claim must be resolved on a full record, including an answer from Respondents, the Court will deny Petitioner's Urgent Motion for Ruling on Pending Motion and for Expedited Consideration of Continued Detention, Doc. 15.

As a final matter, the Court will grant Ms. Vargas Cardoso's motion to recognize her as next friend. Doc. 13. To proceed as "next friend," Ms. Vargas Cardoso must first "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Fleming ex rel. Clark v. LeMaster*, 28 F. App'x 797, 799 (10th Cir. 2001). "Second, [Ms. Vargas Cardoso] must be truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate, and . . . must have some significant relationship with the real party in interest." *Id.* As for the first element, Ms. Vargas Cardoso asserts that Petitioner's detention "limits his ability to gather records, receive filing quickly, prepare pleadings, and respond to government filings." Doc. 13 at 1. As to the second element, Ms. Cardoso Vargas is Petitioner's spouse. Doc. 13 at 1. The

[1]The Court cannot examine the Immigration Judge's bond determination. For that reason, Petitioner's Motion to Supplement the Record with August 4, 2026, Custody Decision and Request for Prompt Action on Pending Petition for Writ of Habeas Corpus, Doc. 14, is denied.

Court concludes that Ms. Vargas Cardoso has established next friend standing and grants her motion to proceed as Petitioner's "next friend."

It is hereby ordered:

1. Petitioner's claim for review of the Immigration Judge's custody determination is dismissed.

2. Petitioner's Motion to Prohibit Transfer, Doc. 12, is granted in part. While this case remains pending, the Government may only transfer Petitioner from the District of New Mexico to effectuate an administratively final removal order.

3. Petitioner's Motion to Recognize Next Friend, Direct Service, and Permit Supplemental Filings, Doc. 13, is granted.

4. Petitioner's Motion to Supplement the Record with August 4, 2026, Custody Decision and Request for Prompt Action on Pending Petition for Writ of Habeas Corpus, Doc. 14, is denied.

5. Petitioner's Urgent Motion for Ruling on Pending Motion and for Expedited Consideration of Continued Detention, Doc. 15, is denied.

6. Respondents shall file an answer to the Amended Petition, Doc. 11, within 10 business days of this Order, by October 16, 2026. Petitioner may file an optional reply within 7 days after the answer is filed, by October 23, 2026.

The Clerk of the Court is directed to mail a copy of this Order to Petitioner's next friend, Ms. Vargas Cardoso, at: 2308 Utah St., Carlsbad, New Mexico, 88220, and to include Ms. Vargas Cardoso on all future filings at: naiveliscardosovargas@gmail.com.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.